IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE GUSHINIERE,           *
                             *
    Plaintiff,               *
                             *
vs.                          * CIVIL ACTION NO. 21-00406-KD-B
                             *
O'REILLY AUTOPARTS,          *
                             *
    Defendant.               *

**REPORT AND RECOMMENDATION**

This action is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Plaintiff George Gushiniere ("Gushiniere"), who is proceeding *pro se,* filed a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). Upon consideration, the Court granted Gushiniere's motion to proceed without prepayment of fees. (Doc. 3 at 1). Having determined that Gushiniere could proceed *in forma pauperis*, the Court conducted an initial screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). After screening Gushiniere's complaint, the undersigned found it to be deficient in several respects and

1

ordered Gushiniere to file an amended complaint no later than November 12, 2021. (Doc. 3 at 7-18). The undersigned cautioned Gushiniere that failure to timely comply with the Court's directives and correct the deficiencies in his complaint would subject this action to dismissal. (Id. at 18-19). Despite the Court's clear directives, Gushiniere has not attempted to remedy the deficiencies in his complaint and, indeed, has filed nothing in response to the Court's order. Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** for Gushiniere's failure to prosecute and obey the Court's order.

I. **BACKGROUND**

Gushiniere filed an employment discrimination complaint against Defendant O'Reilly Autoparts ("O'Reilly") on September 21, 2021. (Doc. 1 at 3). In his complaint, Gushiniere states that he is an "African American, homosexual male" who was hired by O'Reilly in April 2021 as a "travel salesperson" at its Prichard, Alabama store. (Id. at 4). Gushiniere alleges that he filed a charge of discrimination with the EEOC on May 25, 2021 after he "was called several homophobic slurs on multiple occasions," and that he received a right-to-sue notice on June 29, 2021. (Id. at 3-4). According to Gushiniere, O'Reilly placed him on administrative leave beginning August 4, 2021, and terminated his employment on August 13, 2021. (Id. at 4, 6). Gushiniere alleges that he received a letter from O'Reilly on August 17, 2021, informing him

that he had been terminated based on a Facebook video posting in which he purportedly quit his job. (Id.).

The sole count of Gushiniere's complaint is titled: "Title VII and 42 U.S.C. § 1981 Sex Discrimination" (Id. at 5). In that count, Gushiniere contends that O'Reilly "violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race by treating him differently than other similarly situated employees." (Id.). Gushiniere also contends that he was "discriminated against because he asserted his rights afforded to him under the Constitution of the United States and because he participated in the protected activity of complaining of racial and gender discrimination." (Id.). Gushiniere asserts that he "had no intentions of quitting via a Facebook video" and was in fact fired by O'Reilly "in a direct response to his complaint of discrimination to the EEOC." (Id. at 6). Gushiniere further contends that "[o]ther similarly situated Caucasian and heterosexual employees have not been terminated as a result of their personal social media pages" and "are allowed to work regardless of what they post on social media." (Id.). Gushiniere requests damages, costs and expenses, and declaratory and injunctive relief. (Id. at 7).

Upon screening Gushiniere's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court, in an order dated October 25,

3

2021, noted that the complaint was an impermissible shotgun pleading that failed to provide adequate notice of Gushiniere's claims and the grounds upon which they rest. (Doc. 3 at 7). Specifically, the Court observed that Gushiniere appeared to conglomerate several distinct claims into a single count, making it unclear precisely which claims he was seeking to raise and the specific factual basis for each claim. (Id. at 7-8). The Court also noted that Gushiniere appeared to assert a claim for sex discrimination under 42 U.S.C. § 1981, but the protections of § 1981 do not extend to claims of discrimination based on sex. (Id. at 8-9). With respect to various other claims which Gushiniere arguably raised but failed to state a claim upon which relief could be granted, the Court explained the pleading requirements for those claims so that Gushiniere could adequately plead such claims in an amended complaint. (See id. at 9-16).

The Court directed Gushiniere to file an amended complaint remedying the deficiencies specified in the Court's order no later than November 12, 2021. (Id. at 18). The Court specifically cautioned Gushiniere that he should not assume that he would be granted further opportunities to amend his pleading, and that if he failed to comply with the Court's order by filing an amended complaint correcting the identified deficiencies in his initial complaint, this action would be subject to dismissal. (Id. at 18-19). The undersigned also directed the Clerk of Court to send

4

Gushiniere a copy of this Court's Pro Se Litigant Guide and encouraged Gushiniere to review the guide carefully so as to avoid the pleading deficiencies identified in his original complaint. (Id. at 19).

As noted *supra*, Gushiniere has failed to file an amended complaint or anything else in response to the Court's order dated October 25, 2021. Furthermore, the docket reflects that that the Court's order and the Pro Se Litigant Guide that were mailed to Gushiniere on October 25, 2021 have not been returned to the Court as undeliverable.

## II. DISCUSSION[1]

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). After a court gives a plaintiff the opportunity to replead a deficient complaint and the

---

[1] The Court notes that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

5

plaintiff fails to comply with the court's order, dismissal is appropriate. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.") (quotation omitted); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (concluding that "the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits," in proper circumstances, "includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)"); see also Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802-03 (11th Cir. 2006) (affirming dismissal of *pro se* plaintiff's complaint without prejudice for failure to file an amended complaint as ordered in accordance with the court's specific instructions); Harris v. Chase Home Fin., 2010 U.S. Dist. LEXIS 155910, at *4, 2010 WL 11647078, at *2 (N.D. Ga. Nov. 18, 2010) (recommending dismissal of action because *pro se* plaintiffs failed to obey the court's order to file an amended complaint that complied with Federal Rules of Civil Procedure 8, 9, and 10), report and recommendation adopted, 2011 U.S. Dist. LEXIS 167697, 2011 WL 13318861 (N.D. Ga. Jan. 3, 2011); Green v. U.S. Dep't of Hous. and

6

Urban Dev., 2011 U.S. Dist. LEXIS 2764, at *4-7, 2011 WL 98542, at *2-3 (S.D. Ala. Jan. 10, 2011) (dismissing *pro se* plaintiff's federal claims for his failure to respond to the court's order to amend his complaint to correct pleading deficiencies despite being warned that failure to timely comply would result in the dismissal of those claims).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown, 205 F. App'x at 802 (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

The undersigned recommends that the instant action be dismissed without prejudice based on Gushiniere's failure to prosecute and to obey the Court's explicit order to file an amended complaint that corrects the shotgun pleading errors of the original complaint and states a claim upon which relief can be granted. In the order dated October 25, 2021, the undersigned catalogued the original complaint's deficiencies and explained to Gushiniere how he was to remedy those deficiencies in his amended complaint. (See Doc. 3). The Court warned Gushiniere in the plainest terms that his failure to timely file a complying amended complaint would subject this action to dismissal. (See id. at 18-19). Notwithstanding the Court's clear directives, Gushiniere failed to file an amended complaint or, indeed, anything else in response to the Court's order. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) and this Court's inherent authority, as it appears that Gushiniere has willfully disregarded this Court's directives, and that no lesser sanction will suffice.

### III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for Gushiniere's failure to prosecute and obey this Court's order.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **December, 2021.**

                                                        **/s/ SONJA F. BIVINS**
                                                   **UNITED STATES MAGISTRATE JUDGE**